ADALINE DALLUM

*v.*

CHARLES BIRDSALL *et al.*

1. WARRANTY—*form of action for breach.* When the vendor of personal property at the time of a sale makes a verbal warranty of the quality of the thing sold, and agrees to take it back and return the price paid in case the warranty should fail, the action of assumpsit will lie to recover back the money paid, upon a return of the article purchased.

2. SAME—*party to action on.* Where a stove was purchased by a relative of the plaintiff, but the latter was present at the time, assisting in selecting the same, if the promise to warrant the stove was made to the plaintiff and for her benefit, she may maintain an action in her own name for a breach of the warranty. In such a case it is immaterial who paid for the stove.

APPEAL from the Circuit Court of Whiteside county; the Hon. WILLIAM W. HEATON, Judge, presiding.

Messrs. J. McCOY & SONS, for the appellant.

Messrs. C. J. JOHNSON, and O. F. WOODRUFF, for the appellees.

Per CURIAM: It is contended for the appellant that this must be considered an action on the case, and having been commenced before a justice, there was no jurisdiction. But assumpsit will lie on a warranty not under seal, and there was proof of a warranty of the quality of the stove and a promise to take it back and return the money if it should fail. It is also objected that the warranty, if made, was made to the sister-in-law of the plaintiff, who paid for the stove as a present to the plaintiff. But the plaintiff was present assisting in the selection of the stove, and the promise was made to her and for her benefit. It is immaterial that the money which paid for the stove came from another person. The instructions are correct, and the evidence fully sustains the verdict, which was for the money paid, the stove having been returned to the defendants.

The judgment is affirmed.

*Judgment affirmed.*